**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0692n.06

Case No. 20-1255

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| | | **FILED** |
| | | Dec 14, 2020 |
| CORNELIUS S. BERRY; CASSANDRA D. BERRY, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, As Trustee for GSAA Home Equity Trust 2006-17; TIMOTHY CHERVENAK; PHH MORTGAGE CORPORATION; OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: MOORE, COOK, and STRANCH, Circuit Judges.

COOK, Circuit Judge. Plaintiffs Cornelius and Cassandra Berry defaulted on their mortgage and lost their home in a foreclosure sale. They sued to extend the six-month period for redeeming a foreclosed property under Michigan law. The defendants—the loan servicer and mortgage trustee—moved to dismiss the case for failure to state a claim. The district court dismissed the case and the plaintiffs appeal.

## I.

The Berrys bought their Michigan home with a $261,200.00 loan secured by a mortgage. Defendant PHH Mortgage Corporation, successor by merger to defendant Ocwen Loan Servicing, LLC, serviced the loan and the mortgage was assigned to defendant Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2006-17 (the "Trustee").

The Berrys defaulted on the loan and the Trustee purchased the property at a sheriff's sale. Michigan law allows six months from the date of sale to redeem foreclosed property. *See* Mich. Comp. Laws § 600.3240(8). For the Berry property, that period lapsed without a redemption.

Then, five weeks beyond the redemption period, the Berrys filed a pro se complaint seeking "Chain of Title and 3 additional weeks" to redeem the property. (R. 1-2 at PageID#: 20.)

The defendants moved to dismiss the complaint, arguing that the Berrys lacked standing because the expiration of the redemption period extinguished their prior rights and title to the property. The Berrys—now represented by counsel—engaged in negotiations with the defendants and five times over the course of five months obtained their agreement to extend the Berrys' deadline to respond to the motion to dismiss. The district court accepted these agreements, entering a stipulated order on the docket for each.

Nearly two months after the expiration of the last stipulation—and seven months after the defendants filed their motion to dismiss—the Berrys still had not filed a response, prompting the district court to hold a status conference. At this conference, the Berrys, through their attorney, finally acceded to dismissal. The district court memorialized the status conference in an order dismissing the case, agreeing with the defendants that the Berrys lacked standing and noting that they "neither filed a response to Defendants' motion nor object[ed] to dismissal." (R. 16 at PageID#: 144.) This appeal followed.

**II.**

The Berrys center their appeal on when the district court dismissed the case, complaining that the district court did so "before the parties could settle on the process for the purchase of the subject property." (Appellant Br. at 2.) This argument lacks merit.

The district court granted the Berrys five extensions to file a response to Defendants' motion to dismiss. In the fifth of these extensions, the court ordered the Berrys to respond by December 18, 2019. But the Berrys never filed any response. On February 12, 2020, the district court held a status conference, during which the Berrys did "no[t] object to dismissal." (R. 16 at PageID#: 144.) The Berrys concede that they did not object to dismissal at the status conference. Under these circumstances, we cannot conclude that the district court abused its discretion by dismissing the Berrys' suit.

We AFFIRM.